IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

08 AUG 11 AM 8: 18

OFFICE OF THE CLERK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 8: 97CR79 |
| V. | ) | |
| CAROLYN A. KRUEGER, | ) | ORDER |
| Defendant. | ) | |

The clerk of the court has brought to my attention an error that occurred in a Civil/Criminal Accounting Module (CCAM) disbursement process during the court's 2007 implementation of CCAM. The background for this order is as follows:

1.  In 2006, restitution checks in two cases were returned to the clerk's office as undeliverable. One case is the present case; the other was 8:03CR3085. Twelve victims were involved. Staff in the clerk's office finance department placed the unclaimed restitution in Deposit Fund 6855XX.

2.  On November 13, 2007, in the first such transaction following the court's conversion to CCAM, the finance staff transferred the unclaimed restitution from the two cases from Deposit Fund 6855XX to Unclaimed Fund 613300. When making the transfer of the unclaimed restitution, the finance staff inadvertently left unchecked a box on the unclaimed debt line labeled "Manual Disbursement." Checking this box prevents CCAM from automatically disbursing the unclaimed funds when the clerk's office is processing restitution payments from other funds. Having the box correctly checked is critical, since the clerk's office cannot disburse funds from Unclaimed Fund

613300 without an order. *Guide to Judiciary Policies and Procedures,* Vol. I, Chap. VII, Part D, § 2.4.5.

3. One week later, on November 20, 2007, the finance staff disbursed restitution payments. Because the box described in (2) was not checked, restitution checks were also disbursed to the twelve victims whose unclaimed restitution was held in Unclaimed Fund 613300. No order authorized this disbursement.

4. In the next week, several restitution checks from the two cases were returned as undeliverable. The finance staff did not keep a tally of the checks, instead assuming that all twelve had come back. Finance staff receipted the money back into 613300 under the correct case numbers.

5. In July of this year, finance staff discovered that three of the twelve checks sent to victims whose unclaimed restitution was being held in 613300 had not been returned. The total amount of these checks is $200.91.

6. The finance staff's investigation shows that the three checks had somehow reached their intended recipients, who had cashed them. The victims sent the court faxes stating that they were the persons who cashed the checks and that the money was rightfully theirs.

Based on these facts, the court finds as follows:

A. The victims who cashed the three checks have verified their identity to the court's satisfaction.

B. The three checks were made out in the correct amounts and disbursed to the correct victims.

C.  In this instance, disbursement from Unclaimed Fund 613300 without an order was an accounting oversight caused by the staff's lack of familiarity with a new accounting application.

D.  Had the court been notified of the oversight when it occurred, the court would have issued an order authorizing the clerk to disburse the funds from Unclaimed Fund 613300.

IT IS THEREFORE ORDERED that the clerk is authorized to have disbursed the restitution checks at issue here from Unclaimed Fund 613300.

DATED this 8th day of August, 2008.

BY THE COURT:

S/ Joseph F. Bataillon

Chief United States District Judge